**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**ASHLAND**

**CIVIL ACTION NO. 08-38-HRW**

**TAMMY PEROCK, PLAINTIFF,**

**v. MEMORANDUM OPINION AND ORDER**

**MEDI-TECH, INC. d/b/a**
**MEDI-TECH BOSTON SCIENTIFIC CORP., DEFENDANT.**

This matter is before the Court on the Defendant's Motion for Summary Judgment [Docket No. 9]. Plaintiff has not responded to the motion. The time for responding having now long since passed, this matter stands ripe for decision.

If for no other reason, it would be entirely proper to grant the Defendant's dispositive motion based on Plaintiff's failure to respond thereto as required by Rule 7.1(c)(1) of the Joint Local Rules of the Eastern and Western Districts of Kentucky[1].

The Court has reviewed the Defendant's motion and the court record, nevertheless. Based on the current state of the record, it appears that the Defendant's motion should be sustained on its merits as well.

[1] Local Rule 7(c)(1) specifically states that "[f]ailure to file an opposing memorandum may be grounds for granting [a] motion."

## I. BACKGROUND

Plaintiff Tammy Perock brought this lawsuit against Medi-Tech Boston Scientific Corporation (hereinafter "Medi-Tech") alleging injury suffered when a Greenfield Vena Cava Filter, originally implanted in Plaintiff in 1998, dislodged during an MRI on January 25, 2007. Plaintiff claims that Medi-Tech negligently designed and manufactured the subject device, causing her injury and damages [Docket No. 1-2, ¶ 5-8].

On April 22, 2008, the undersigned entered a Scheduling Order which directed the parties to identify their expert witness and provide their written reports no later than September 15, 2008 and disclose rebuttal experts no later than thirty days thereafter [Docket No. 6]. In addition, the Order provided that the parties were to complete discovery by February 2, 2009 [Docket No. 6].

Defendant seeks judgment as a matter of law based upon Plaintiff's failure to properly identify her expert witnesses and otherwise meet the requirements of Fed.R.Civ.P. 26(a)(2)(B).

## II. STANDARD OF REVIEW

When considering a motion for summary judgment , Rule 56 of the Federal Rules of Civil Procedure dictates that the Court consider the evidence,

resolve all doubts and construe all inferences in favor of the nonmoving party, in this case, the Plaintiff, in an effort to determine whether any genuine issues of material fact exist. However, in a series of decisions commonly referred to as the "trilogy", Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), the U.S. Supreme Court emphasized that "[t]he mere existence of a scintilla of evidence in support of [a nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for" that party. Anderson, 477 U.S. at 252. In short, the "trilogy" requires the nonmoving party to produce specific factual evidence that a genuine issue of material fact exists.

Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to the parties case and on which that party will bear the burden of proof at trial. In such a situation there can be no "genuine issue as to any material fact" as a complete failure of proof concerning an essential element of the non-moving parties case "renders all other facts immaterial." Bauer v. Montgomery, 215 F.3d 656 (6th Cir. 2000), citing Celotex, supra.

## III. ANALYSIS

Fed.R.Civ.P. 26(a)(2)(b) sets forth the specific criteria which proposed expert testimony must meet:

> (2) Disclosure of Expert Testimony . . .
>
> (B) Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report ***must*** contain:
>
> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the data or other information considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and

> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed.R.Civ.P. 26(a)(2)(B)(emphasis added).

On September 16, 2008, Plaintiff filed her Rule 26 Disclosures [Docket No. 9-6]. However, her disclosures fall far short of the rule. The submitted "report" merely provides the names of her surgeon, Dr. Eleftherios Xenos, and her chiropractor William Nichols, their specialties and contact information. The report contains no opinions. Nor does the report refer to the data or information considered by the witnesses. Also absent is any information as to their qualifications to testify regarding the design and/or manufacture of the subject device.

In the months following her deficient report, Plaintiff did not seek to supplement it or request that the Court extend the expert witness disclosure deadline.

Inadequately disclosed expert testimony is inadmissible pursuant to Fed.R.Civ.P. 37. Without expert testimony, Plaintiff cannot maintain this action against Medi-Tech. It is well established that where a plaintiff claims that a complex medical device is defective, and that the defect was a

substantial factor in causing the alleged injury, the plaintff must come forward with expert testimony to support her claim. *See generally, Commonwealth, Dept. Of Highways v. Robbins*, 421 S.W.2d 820 (Ky. 1967).

The time for obtaining and disclosing expert testimony has passed. The parties were given ample opportunity to develop their case. There is no reason apparent from the record as to why Plaintiff has failed to properly develop and prosecute her claim.

## IV. CONCLUSION

Without expert testimony, Plaintiff cannot carry her burden of proof. Thus, Defendant Medi-Tech is entitled to judgment as a matter of law.

Accordingly, **IT IS HEREBY ORDERED** that the Defendant's Motion for Summary Judgment [Docket No. 9] be **SUSTAINED**. A Judgment in favor of the Defendant will be entered contemporaneously herewith.

This 7 day of April, 2009.

Henry R. Wilhoit, Jr., Senior Judge